# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Victor J. Sahagun<br><br>Petitioner<br><br>v.<br><br>Brian E. Williams, et al.,<br><br>Respondents | 2:14-cv-00535-JAD-PAL<br><br>**Order of Dismissal**<br><br>[ECF No. 5] |

Petitioner Victor Sahagun, a prisoner in the custody of the Southern Desert Correctional Center ("CDCC"), brings this habeas action under 28 U.S.C. § 2254 to challenge his 2011 Nevada state conviction for drug trafficking.[1] After evaluating his claims on the merits, I deny Sahagun's petition for a writ of habeas corpus, dismiss this action with prejudice, and deny a certificate of appealability.

## Background

Sahagun challenges his 2011 Nevada state conviction for trafficking in over five kilograms of methamphetamine and over ten kilograms of cocaine.[2] By pleading guilty to these two charges, Sahagun avoided a trial on an eighteen-count, multi-defendant indictment that included four counts of conspiracy to violate the state's controlled substances act, five counts of trafficking in a controlled substance, and one count of possession of stolen property. Sahagun is serving two concurrent life sentences with the possibility of parole after ten years. This habeas petition challenges his conviction both on direct appeal and state post-conviction review.

---

[1] ECF No. 5.

[2] ECF No. 14-19 (guilty plea agreement with amended indictment); ECF No. 14-20, at 31–34 (plea colloquy). The petitioner and his brother, Jahuart Sahagun, were charged in the same indictment. All page citations are to the ECF generated electronic document page number, not to any page number in the original transcript or document, unless otherwise noted.

1

**Standard of review**

When the state courts have adjudicated a claim on the merits, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a "highly deferential" standard for evaluating the state court ruling that is "difficult to meet" and "which demands that state-court decisions be given the benefit of the doubt."[3] Under this highly deferential standard of review, a federal court may not grant habeas relief merely because it might conclude that the state court decision was incorrect.[4] Instead, under 28 U.S.C. § 2254(d), the court may grant relief only if the state court decision: (1) was either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.[5]

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result.[6] A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions.[7] The Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them.[8] And "a federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous."[9] A decision that does not conflict with the reasoning or holdings of Supreme

---

[3] *Cullen v. Pinholster*, 563 U.S. 170 (2011).

[4] *Id.* at 202.

[5] *Id.* at 181–88.

[6] *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003).

[7] *Id.*

[8] *Id.*

[9] *Id.* at 16.

2

Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the state court's application of Supreme Court precedent to the facts of the case was not only incorrect but "objectively unreasonable."[10] When a state court's factual findings are challenged, the "unreasonable determination of fact" clause of 28 U.S.C. § 2254(d)(2) controls on federal habeas review,[11] which requires federal courts to be "particularly deferential" to state court factual determinations.[12] The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous."[13] Rather, AEDPA requires substantially more deference:

> [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.[14]

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief.[15]

**Discussion**

**A. Ground 1: Effective assistance of counsel—failure to investigate and file pretrial motions—does not provide a basis for relief.**

In Ground 1, Sahagun alleges that he was denied effective assistance of counsel in violation

---

[10] *See, e.g., id.* at 18; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

[11] *See, e.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004).

[12] *Id.*

[13] *Id.* at 973.

[14] *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

[15] *Pinholster*, 563 U.S. at 569.

of the Sixth Amendment when defense counsel failed to investigate and file pretrial motions. He alleges in the federal petition that: (1) counsel failed to investigate "the fact that [he] did not have constructive possession of these drugs as charged by the State"; (2) "if counsel had done an adequate investigation into the fact that [he] was never found/arrested with any more than 14 grams of drugs, then [he] could have proven that [he] was not trafficking as . . . was alleged by the State"; (3) counsel failed to file requested motions to dismiss the charges for lack of evidence, to suppress evidence, for specific discovery, and for bail reduction; and (4) counsel failed to challenge alleged false evidence that he maintains "would have . . . proven that the wiretapped conversation did not demonstrate any involvement by [him] to do what the State alleged."[16]

In the state courts, Sahagun claimed only that counsel "did not file requested motions on [his] behalf and did not investigate the facts of the case" and that he "requested [counsel] to file pretrial suppression of evidence motions." None of the factual allegations outlined in the above paragraph that were alleged in support of the claim on federal habeas review were alleged in support of the corresponding claim presented in the state courts.[17]

The state supreme court rejected Sahagun's claim on the following basis:

> [A]ppellant claimed that counsel . . . was ineffective for failing to investigate or to file a pretrial motion to suppress evidence. Appellant's bare claims failed to demonstrate deficiency or prejudice. Appellant did not state what a better investigation would have revealed or how it would have affected his guilty plea . . . [and he] did not provide any information as to the basis of the motion to suppress or its merit . . . . We therefore conclude that the district court did not err in denying these claims.[18]

The state supreme court's rejection of Sahagun's bare claim was neither contrary to nor an unreasonable application of clearly established federal law. The decisions in *Tollett v. Henderson*, 411 U.S. 258 (1973), and *Hill v. Lockhart*, 474 U.S. 52 (1985), sharply curtail the possible grounds

---

[16] ECF No. 5, at 3.

[17] ECF No. 16-1, at 8; ECF No. 16-2, at 3–4.

[18] ECF No. 16-22, at 3.

4

available for challenging a conviction entered following a guilty plea. In *Tollett,* the Supreme Court explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [constitutional] standards [established for effective assistance of counsel.][19]

So, "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief."[20]

In *Hill*, the Supreme Court held that the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984), applies to a challenge to a guilty plea based on alleged ineffective assistance of counsel.[21] A petitioner seeking to set aside a guilty plea due to ineffective assistance of counsel must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness and (2) the defective performance resulted in actual prejudice.[22] On the performance prong, the question is not what counsel might have done differently, it is whether counsel's decisions were reasonable from counsel's perspective at the time, and I must start with a strong presumption that counsel's conduct fell within the wide range of reasonable conduct.[23] On the prejudice prong, under *Strickland*, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[24] Application of this general principle to the specific context of a guilty plea leads to the requirement that the petitioner

---

[19] *Tollett*, 411 U.S. at 267.

[20] *Id.*

[21] *Hill*, 474 U.S. at 58.

[22] *Id.* at 58-59.

[23] *See, e.g., Beardslee v. Woodford*, 358 F.3d 560, 569 (9th Cir. 2004) (internal citation omitted).

[24] *See id.* (internal citation omitted).

5

"must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[25]

Under *Hill*, a challenge to the voluntariness of a guilty plea potentially may be based upon a claim of ineffective assistance of counsel in proceedings prior to the plea:

> where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial . . . . As [the Court] explained in *Strickland v. Washington, supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker."[26]

Thus, an attorney's unprofessional error in failing to develop a meritorious defense may serve as a basis for overturning a guilty plea and conviction if, viewed objectively, there is a reasonable probability that, but for the error, the petitioner would not have pled guilty and would have insisted on going to trial.

While surmounting *Strickland*'s high bar is "never an easy task," federal habeas review is "doubly deferential" in a AEDPA case.[27] The reviewing court must take a "highly deferential" look at counsel's performance through the also "highly deferential" lens of § 2254(d).[28]

In the present case, the state supreme court's rejection of Sahagun's bare claim that defense counsel failed to file "requested motions," including a motion to suppress, and failed to "investigate the facts of the case" was neither contrary to, nor an unreasonable application of, the foregoing United States Supreme Court precedents.

---

[25] *Hill*, 474 U.S. at 59.

[26] *Id.* at 59–60 (quoting *Strickland,* 466 U.S. at 695).

[27] *Pinholster,* 563 U.S. at 190, 202.

[28] *Id*.

The additional factual allegations that Sahagun presents in the federal petition in support of this claim were not presented to the state supreme court. These additional supporting factual allegations, therefore, may not be considered in reviewing the state supreme court's adjudication of the claim on the merits under AEDPA. Federal habeas review, instead, must be conducted based upon the record that was presented to the state supreme court at the time of its adjudication of the claim on the merits.[29] Ground 1, therefore, does not provide a basis for federal habeas relief.

The bare claim presented to and adjudicated by the state courts notwithstanding, respondents parse the additional factual allegations in Ground 1 into seven discrete claims and seek to apply the AEDPA standard to each of these purported claims separately.[30] The only ineffective-assistance claim presented to the state supreme court based upon an alleged failure to investigate and file pretrial motions was the bare claim discussed above. Sahagun did present a different ineffective-assistance claim that counsel "should have negotiated a better plea deal" because he allegedly had only 14 grams of drugs in his possession.[31] That claim, however, was not a claim that counsel was ineffective *for failing to investigate and/or file pretrial motions* with regard to the alleged fact that Sahagun possessed only 14 grams of drugs. None of the remaining purported claims discussed by respondents under Ground 1 in the answer actually was presented to or adjudicated by the state supreme court. They are merely additional factual allegations presented for the first time in federal court in support of an otherwise bare claim that counsel was ineffective for failing to investigate the case and file requested pretrial motions, including a motion to suppress. Under the governing analysis required by AEDPA and *Cullen v. Pinholster*, federal habeas review of a claim adjudicated on the merits by the state courts is limited to the record presented to the state courts. On that record, Ground 1 does not provide a basis for relief.

If the additional claims parsed from the allegations of Ground 1 instead were considered as

---

[29] *See Pinholster*, 563 U.S. at 180–87.

[30] *See* ECF No. 13, at 29–44.

[31] *See* ECF No. 16-22, at 4.

7

discrete claims on federal habeas review, they would be subject to *de novo* review because they were not adjudicated on their merits and exhaustion has not been raised as a defense. The purported additional claims, however, are without merit even on a *de novo* review.

With regard to constructive possession of the drugs, Sahagun specifically and expressly admitted during the plea colloquy that he had constructive possession of the over five kilograms of methamphetamine and over ten kilograms of cocaine.[32] In *Blackledge v. Allison*, 431 U.S. 63 (1977), the Supreme Court stated:

> [T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.[33]

The *Blackledge* Court observed that "a petitioner challenging a plea given pursuant to procedures [similar to those employed by the state court in this case] will necessarily be asserting that not only his own transcribed responses, but those given by two lawyers, were untruthful."[34] Under *Blackledge*, a collateral attack that directly contradicts the responses at the plea proceedings "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances."[35] Sahagun's bare allegation in Ground 1 that he did not have constructive possession of the drugs as charged by the State directly contradicts his specific and express responses to the contrary during his plea colloquy, and it does not present an extraordinary circumstance that warrants relief or further proceedings on federal habeas review, even under a *de novo* standard.

Given Sahagun's express admission of constructive possession during his plea colloquy and *Blackledge*, Sahagun's additional allegation that he had only 14 grams of drugs in his possession at

---

[32] ECF No. 14-20, at 32–34.

[33] *Blackledge*, 431 U.S. at 73–74.

[34] *Id.* at 80.

[35] *Id.*

8

his arrest does not raise a material point. If, as he admitted, he was in constructive possession of five kilograms of methamphetamine and ten kilograms of cocaine, then an additional fact that he had only 14 grams of drugs in his actual personal possession at the time of his arrest would not exculpate him on the charges to which he pled guilty. Any such discrete claim under Ground 1 based on this allegation thus similarly does not provide a basis for either relief or further proceedings on federal habeas review.

A bare claim that defense counsel failed to file a requested "laundry list" of pretrial motions similarly does not present a viable claim for federal habeas relief. Nor does the bare claim that challenging the evidence would have established that the wiretapped conversation did not demonstrate Sahagun's involvement; it also contradicts his solemn declaration of guilt of the offenses during the plea colloquy. Sahagun must present more than a bare allegation that the State's evidence did not actually support the charges to which he pled guilty in order to warrant relief or further proceedings under *Blackledge*.

In all events, the grand jury transcripts reflect extensive evidence—including not only the referenced wiretap evidence, but also Sahagun's own inculpatory statements after his arrest—of Sahagun's guilt of the offenses.[36] This abundant evidence of Sahagun's guilt belies his bare allegations in the federal petition such that, viewed objectively, there is not a reasonable probability that, but for counsel's conclusorily-alleged failures, Sahagun would not have pled guilty and would have insisted on going to trial. But all of this pertains to claims and/or allegations that were never presented to and adjudicated by the state supreme court.

In sum, Ground 1 provides no basis for relief.

**B.    There is no Ground 2.**

There is no Ground 2 in the petition. Respondents sought to renumber Ground 3 as Ground

---

[36] *See, e.g.*, ECF No. 14–3, at 13–31, 40–44 & 50–58; ECF No. 14-12, at 6–12, 45–47, 51–53 & 56–57; *see also* ECF No. 14-21, at 5 (overall offense synopsis in presentence investigation report).

9

2. Unilaterally renumbering grounds in this manner tends to generate confusion[37] and multiple explanations at every step of the way thereafter as to why a ground was renumbered. The situation, instead, should be approached the same way we handle it when an intervening ground is dismissed: the remaining grounds continue to be referred to by their original number. Other than possibly assigning subparts, the ground numbering should remain consistent in all of the parties' pleadings throughout the case, barring a wholly superseding amending petition that completely changes the grounds and numbering sequence. In this case, there simply is no Ground 2.

**C.     Ground 3(a): effective assistance—mitigation evidence at sentencing—does not provide a basis for relief.**

In Ground 3(a), Sahagun alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when defense counsel allegedly did not present any mitigating evidence at sentencing "although he was fully aware that [Sahagun] was working a full-time job every day and had many letters to present from members of the community." Sahagun alleges that counsel made no effort to contact these individuals even though Sahagun told him that some wanted to speak on his behalf at sentencing. He alleges that "[t]he contents of the letters and the potential testimony would have been about [Sahagun's] active participation in helping families with home improvements and landscaping."[38]

Sahagun alleged even less on his state court claim. He alleged only that counsel did not present "any mitigating evidence on [his] behalf even though he knew [Sahagun] was working a full-time job every day and had many reference letters from community citizens to present to the court."[39] The state supreme court rejected this claim on the following basis:

> [A]ppellant claimed that [counsel] was ineffective for failing to present mitigation evidence at sentencing. Appellant failed to demonstrate deficiency or prejudice.

---

[37] After unilaterally renumbering the ground, respondents then responded to the very same claims from original Ground 3 *twice*, once as "Ground 2" and then again as Ground 3. Compare ECF No. 13, at 44–47, with *id.*, at 47–51.

[38] ECF No. 5, at 5.

[39] ECF No. 16-1, at 10; ECF No. 16-2, at 5.

10

> Appellant's statement that he had reference letters from the community was a bare claim as he did not indicate the contents of the letters or how they would have affected the outcome of the sentencing hearing. Further, the district court was apprised of his positive job history in the presentence investigation report. Appellant did not state what other representations counsel should have made. We therefore conclude that the district court did not err in denying this claim.[40]

The state supreme court's rejection of the bare claim presented to that court was neither contrary to, nor an unreasonable application of, the general standards in the performance and prejudice prongs of *Strickland*.[41] Particularly given the large drug weights involved on the two trafficking offenses to which he pled guilty, there was not a reasonable probability that explicitly pointing at sentencing to the fact that Sahagun was employed as a mechanic in his brother's shop[42] and presenting unspecified letters would have led to a different result at sentencing. The lesser available sentence on each offense was a fixed term of 25 years with eligibility for consideration for parole after 10 years.[43] A state supreme court determination that, *inter alia*, Sahagun's conclusory showing did not establish a reasonable probability that, but for counsel's alleged failure to present mitigation evidence, Sahagun would have received the lesser sentence was not an unreasonable application of *Strickland*.

The additional factual allegations that Sahagun presents in the federal petition in support of this claim were not presented to the state supreme court. They were not part of the record reviewed by that court and accordingly may not be considered on federal habeas review in reviewing the decision under AEDPA.[44] Ground 3(a) does not provide a basis for federal habeas relief.

---

[40] ECF No. 16-22, at 4–5.

[41] *See, e.g., Harrington v. Richter*, 562 U.S. 86, 105 (2011)("The *Strickland* standard is a general one, so the range of reasonable applications is substantial."). The *Strickland* standard applies to claims of ineffective assistance of counsel in noncapital sentencing proceedings. *Daire v. Lattimore*, 812 F.3d 766 (9th Cir. 2016)(en banc)(overruling prior Ninth Circuit authority holding that there was no clearly established Supreme Court precedent holding same with respect to review under the deferential AEDPA standard of review).

[42] *See* ECF No. 14-21, at 3.

[43] *See* ECF No. 14-21, at 2.

[44] *See Pinholster*, 563 U.S. at 180–87.

11

**D.  Ground 3(b): effective assistance—communication with appellate counsel—does not provide a basis for relief.**

In Ground 3(b), Sahagun alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when appellate counsel "failed to communicate, inform and advise [him] during the appeal process;" "never showed [him] any briefs he filed;" and "did not inform [him] of the Nevada Supreme Court order of affirmance until [] 9 months after the decision had been made."[45] The state supreme court rejected this claim on the following basis:

> Appellant claimed that counsel was ineffective for failing to inform, advise, or communicate with him during the appeals process and that counsel failed to raise issues appellant wanted raised. Appellant's bare claims failed to demonstrate deficiency or prejudice. Appellant did not identify the issues he wanted raised on appeal; state what information would have been exchanged had counsel informed, advised, or communicated with him; nor demonstrate a reasonable probability of a different outcome on appeal had counsel raised the omitted issues or engaged in better communication. We therefore conclude that the district court did not err in denying these claims.[46]

The state supreme court's rejection of this claim was neither contrary to, nor an unreasonable application of, *Strickland*. In general, when evaluating claims of ineffective assistance of appellate counsel, the performance and prejudice prongs of the *Strickland* standard partially overlap.[47] Effective appellate advocacy requires weeding out weaker issues with less likelihood of success. The failure to present a weak issue on appeal neither falls below an objective standard of competence nor causes prejudice to the client for the same reason—because the omitted issue has little or no likelihood of success on appeal.[48] Moreover, a criminal defendant does not have a right to have appellate counsel raise every nonfrivolous issue that the defendant wishes to raise.[49]

---

[45] ECF No. 5, at 5.

[46] ECF No. 16-22, at 5.

[47] *See, e.g., Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

[48] *Id.*

[49] *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Sahagun's conclusory allegations in state and federal court do not tend to establish that his retained appellate counsel failed to pursue a specific, potentially meritorious issue as a result of allegedly failing to communicate with him. Also, an alleged failure to promptly notify Sahagun of the state supreme court's order of affirmance did not necessarily establish prejudice under *Strickland* with regard to the direct appeal itself. Sahagun's conclusory allegations do not establish that he would have been able to present a potentially meritorious timely rehearing petition if he had been informed of the appeal decision more promptly. A delay in informing a petitioner of an appeal decision potentially could affect a petitioner's ability to timely seek state or federal post-conviction relief, but it does not give rise to an independently cognizable post-conviction claim under *Strickland* challenging a conviction or sentence. Rather, such a delay is addressed as a matter of establishing a possible basis for overcoming the application of a state or federal time bar to an otherwise untimely post-conviction petition. In this regard, Sahagun's state and federal petitions have not been dismissed as untimely. Ground 3(b) does not provide a basis for federal habeas relief.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **Sahagun's petition for a writ of habeas corpus is DENIED** on the merits, and this action is **DISMISSED with prejudice**.[50]

Because reasonable jurists would not find this decision to be debatable or incorrect, IT IS FURTHER ORDERED that a **certificate of appealability is DENIED**. The Clerk of Court is directed to **enter judgment, in favor of respondents and against Sahagun, dismissing this action with prejudice**.

DATED August 4, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[50] A petitioner may not use a reply to an answer to present additional claims and allegations that are not included in the federal petition. *See, e.g., Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). To the extent that Sahagun has done so in his federal reply, I do not consider these additional claims and allegations.